DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE

Large Business & International

Justin T. Ederle                                                    Date:09/30/2024
75 Fairways Village Drive
# 12
Dorado, PR 00646

---
Today you have been served a summons for records relating to:
Taxpayer's Name(s) - Justin T. Ederle
Taxpayer's Address -  75 Fairways Village Drive
                       # 12
                       Dorado, PR 00646

Please be advised, the summons is seeking only records and can be satisfied by providing those records to the IRS at the specified address by the date specified in the summons.

If you have any questions regarding how to respond to this summons please contact me at the address or the telephone number listed below. Thank you for your cooperation.

Internal Revenue Service

Att: Anton Pukhalenko, Internal Revenue Agent

2203 N. Lois Ave, Ste. 500, Stop 4700

Tampa, FL 33607

Phone#:  (813) 367-8030
Fax#:     (888) 254-8765
Email address: anton.pukhalenko@irs.gov

**Exhibit**

1
_____

Sincerely,

*Anton Pukhalenko*

Digitally signed by Anton
Pukhalenko
Date: 2024.09.30 12:11:31
-04'00'

Employee ID#:1000815522

# Summons

In the matter of  Justin T. Ederle

Internal Revenue Service *(division)*  Large Business & International

Industry/Area *(name or number)*    Withholding, Exchange & International Individual Compliance                    ,

Periods  ending December 31, 2018 and December 31, 2019

## The Commissioner of Internal Revenue

To  Justin T. Ederle

At  75 Fairways Village Drive, #12, Dorado, PR 00646

You are hereby summoned and required to appear before  Anton Pukhalenko

an officer of the Internal Revenue Service, ~~to give testimony and to bring with you and~~ to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHMENT FOR A LIST OF THE BOOKS, RECORDS, AND OTHER DATA REQUESTED.

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

| Signature of IRS officer serving the summons | Title |
|---|---|
| *[Digitally signed by Luis Tirado Date: 2024.10.01 16:11:44 -04'00']* | Revenue Agent |

**Business address and telephone number of IRS officer before whom you are to appear**

2203 N Lois Avenue, Suite 500, Stop 4700, Tampa, FL 33607; (813) 367-8000

**Place and time for appearance at**  48 Carr 165, Suite 2000, Mail Stop 210, Guaynabo, PR 00968-8000

on the  30th  day of  October  , 2024  at  10  o'clock a  .m.
                                    *(year)*

**Issued under authority of the Internal Revenue Code this**  30th  **day of**  September  , 2024
                                                                                          *(year)*

| Signature of issuing officer | Title |
|---|---|
| *Anton Pukhalenko* *[Digitally signed by Anton Pukhalenko Date: 2024.09.30 12:01:41 -04'00']* | Internal Revenue Agent |
| Signature of approving officer *(if applicable)* | Title |
| *[Digitally signed by Kara A. Jasinski Date: 2024.09.30 13:21:41 -04'00']* | Supervisory Internal Revenue Agent |

Form **2039** (Rev. 3-2020)    Catalog Number 21405J    publish.no.irs.gov    Department of the Treasury - **Internal Revenue Service**

**Part A** — to be given to person summoned

# Service of Summons, Notice and Recordkeeper Certificates
## (Pursuant to Section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on

| Date | Time |
|---|---|
| 10/04/2024 | 9:45 AM |

## How Summons Was Served

- [ ] 1. I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed

- [X] 2. I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person *(if any)* _____

- [ ] 3. I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address  Justin T. Ederle

  75 Fairways Village Drive, #12, Dorado, PR 00646

- [ ] 4. I certify that I served a copy of the summons, which contained the attestation required by § 7603, by a method not listed above that is in conformity with established IRS procedures to the person to whom it was directed and with the consent of the witness, *(e.g. facsimile transmission)*

| Signature | Title |
|---|---|
| *Luis Tirado* Digitally signed by Luis Tirado Date: 2024.10.04 12:25:05 -04'00' | 10/04/2024 |

5. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

| Date of giving notice | Time |
|---|---|
| | |

Name of noticee

Address of noticee *(if mailed)*

## How Notice Was Given

- [ ] I gave notice by certified or registered mail to the last known address of the noticee
- [ ] I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person *(if any)*
- [ ] I gave notice by handing it to the noticee
- [ ] In the absence of a last known address of the noticee, I left the notice with the person summoned
- [ ] No notice is required

| Signature | Title |
|---|---|
| | |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | |

Form **2039** (Rev. 3-2020)    Catalog Number 21405J    publish.no.irs.gov    Department of the Treasury - **Internal Revenue Service**

***SUMMONS ATTACHMENT***

**IN THE MATTER OF** Justin T. Ederle

**SUMMONSED PARTY** Justin T. Ederle

<u>**The following Protocol and Definitions apply to this Summons:**</u>

I.   The terms "DOCUMENT(S)" is used in the broadest sense and includes any written, typed, photo static, photographed, recorded, or otherwise visually reproduced communications or representations, whether comprised of letters, words, numbers, pictures, sounds, symbols, or any combination thereof.  It refers to all written, printed, typed, graphically, visually, or aurally reproduced material of any kind, or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to:

    a.    Contracts, agreements, plans, term sheets, summaries, opinions, studies, reports, schedules, work papers, computations, appointment calendars, telegrams, communications, memoranda, e-mails, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, or other written notes or communications, books, graphs, printed matter, audio or video tapes, outlines of oral presentations, and all financial records, checks, drafts, instruments, trade tickets, checkbook stubs and records, and any other writing, bulletins, announcements, press releases, brochures, notices of meetings, agendas, attendance lists, manuals, and journal entries, and alterations or modifications of the foregoing;

    b.    Items designated as internal, confidential, private, or not to be disclosed;

    c.    All electronic mail (e-mail), whether in an electronic disk and/or any other system or device which saves historical e-mails, attachments; and

    d.    Video and/or audiotapes, cassettes, films, microfilm, computer files, computer discs, computer programs and any other information.

II.   If any DOCUMENTS are withheld on grounds of privilege, provide a privilege log and state with respect to each DOCUMENT withheld:

    a.   The name and title of the author;

    b.   The date appearing on such DOCUMENT or, if undated, the date or approximate dates that such DOCUMENT was created;

    c.   The names and titles of the addressees and of all recipients of the DOCUMENT and/or copies thereof;

    d.   The subject matter of the DOCUMENT;

    e.   The name and address, if known, of all persons having present possession, custody or control of such DOCUMENT and/or copies thereof;

    f.   The privilege or protection claimed; and

    g.   The number of the request to which the production of the DOCUMENT would otherwise be responsive.

III.   The term "Justin T. Ederle" refers to and includes the individual and any of those person's related entities and/or CONTROLLED AFFILIATES (as defined below).

IV.   A requested item is in the possession of Justin T. Ederle where it is in Justin T. Ederle possession, custody or control, or in the possession, custody or control of any PERSON (as defined below) or entity acting in any capacity for Justin T. Ederle or who has access upon inquiry or through a legal right to obtain such item(s).

V.    The term "PERSON" means any natural person, proprietorship, corporation, association, organization, joint venture, or other business enterprise, governmental body, or any subunit thereof, group of natural persons, or other entity.

VI.   The term "CONTROLLED AFFILIATE(S)" means any and all entities, including but not limited to: corporations, partnerships, associations, limited liability companies, trusts, estates, escrows, charitable foundations, insurance companies, and banks, whether foreign or domestic, which Justin T. Ederle, personally or indirectly, through any other PERSON (as defined above), owns, controls, or in any way has the ability to exercise authority over, either directly or indirectly through the use of nominees or any other means.

VII.  The term "ACT 20 ENTITY" refers to any CONTROLLED AFFILIATE, whether created in the U.S., Puerto Rico, or in another country, that has been authorized to do business in Puerto Rico, as either a domestic or foreign entity, and has been granted the benefits under "Puerto Rico Incentives Code"-consolidated acts 20, 22, and others under act 60 with an effective date of January 1, 2020.

VIII. The term "ACT 20" refers to the Puerto Rico economic tax incentives titled "Act to Promote the Export of Services", for the period prior to January 1, 2020, and titled  "Puerto Rico Incentives Code," for the period on or after January 1, 2020.

IX.    The term "ACT 20 STRUCTURE" includes all programs, plans or arrangements where an ACT 20 ENTITY purports to operate from Puerto Rico.

X.      The term "ACT 22 PARTICPANT" means any individual that has applied for and received approval for the tax benefits under Act 22 (or Act 60).

XI.    The term "ACT 22" refers to the Puerto Rico economic tax incentives titled "Act to Promote the Relocation of Individual Investors to Puerto Rico", for the period prior to January 1, 2020, and titled "Puerto Rico Incentives Code," for the period on or after January 1, 2020.

To the extent documents are stored on computer/electronic media or other machine-sensible format, please provide a copy of the electronic file in its native format.

**Preferred Delivery Instructions for Documents in Electronic Format**

Due to the expected high volume of documents to be produced, paper documents that are not in an electronic format described above may be produced in an electronic format. For all documents that are produced in an electronic format, please do so in accordance with the following instructions:

1. Each document produced must be an exact unaltered image produced in a multi- page TIFF or PDF image that treats each complete document as a discrete file.

2. For delivery purposes, it is also preferred that the documents be produced and organized with load files from commercially available software, such as Summation, IPRO, Concordance, etc.

3. These documents may be produced in read-only form on USB flash drive or hard drive.

4. To ensure readability of any requested document in electronic format, provide the PDF/TIFF files with an image resolution of at least 300 dpi.

### *PROVIDE THE FOLLOWING INFORMATION FOR THE PERIOD*
**December 1, 2015 THROUGH January 31, 2022 unless otherwise stated below:**

1.   All DOCUMENTS in your possession that promote, advertise, solicit, sell, facilitate, advise, or market, ACT 20 and/or ACT 22.  These DOCUMENTS should include, but are not limited to, letters of solicitation, brochures, pamphlets, flyers, legal opinions, articles written for any newspaper or periodical, and any material posted on any web site, and all materials, including communications, received by Justin T. Ederle from any person promoting, advertising, soliciting, selling, facilitating, or marketing Act 20 or Act 22 benefits..  These DOCUMENTS should also include, but are not limited to anything  distributed to Justin T. Ederle during or after any seminar, conference, or similar group presentation whether held in the United States, Puerto Rico, or in a foreign country.

2.  Identification of all individuals and entities who engaged in any activity to promote, advertise, solicit, sell, facilitate, or market ACT 20 and/or ACT 22 to Justin T. Ederle. These individuals and entities include, but are not limited to,

   A.    Attorneys,
   B.    Certified Public Accountants,
   C.    Salespersons, and
   D.   All other PERSONS to whom commissions or finder's fees were paid.

3.  All legal, accounting, tax or other opinions solicited or otherwise obtained by Justin T. Ederle at any point in time, which relate or refer to ACT 20 and/or ACT 22 or its tax effects regardless of the opinion's source.

4.  All applications, contracts, agreements, account statements, invoices and all other DOCUMENTS related to Justin T. Ederle participation in ACT 20 and/or ACT 22, including but not limited to all DOCUMENTS submitted to or received from the DDEC.

5.  All DOCUMENTS which suggest or propose entries on any tax form, including but not limited to, deductions for management contract fees or other fees paid to an ACT 20 ENTITY by any CONTROLLED AFFILIATE or other United States entity, or any other income tax position related to ACT 20 and/or ACT 22.

6.  All records and DOCUMENTS of all payments made to any ACT 20 ENTITY for the benefit of Justin T. Ederle made by any CONTROLLED AFFILIATE or other United States entity, including amounts paid outside the territorial limits of the United States.

7.  All DOCUMENTS related to the formation of all CONTROLLED AFFILIATES. (If any entity is a trust, Section 1.6012-3(a), Treasury Regulations, requires a trustee to furnish these documents to the IRS upon request.)

   A.  All records of all assets transferred to each CONTROLLED AFFILIATE.

   B.  All minutes of meetings of all CONTROLLED AFFILIATES from inception to the present regarding the appointment and/or resignation or termination of any entity official.

C. All documents that identify all former and current officials of all CONTROLLED AFFILIATES. Identification includes the name, addresses and telephone number, both business and personal.

D. All documents that identify all beneficial owners of all CONTROLLED AFFILIATES. Identification includes the name, nature of the beneficial interest, social security number or employer identification number, addresses and telephone number, both business and personal

8.   All confidentiality agreements and other DOCUMENTS which purport to restrict the disclosure of information concerning ACT 20 and/or ACT 22.

9.   All loan DOCUMENTS, including but not limited to, loan agreements, credit applications, promissory notes, Deeds of Trust, Security Agreements, payment records, and financial statements submitted to any lender, for loans entered into or that were in effect during the period January 1, 2016 through December 31, 2021 by Justin T. Ederle or any CONTROLLED AFFILIATE.

10.   DOCUMENTS for all non-taxable sources of income including but not limited to; proceeds of loans, gifts, tax refunds, insurance proceeds, retirement benefits, and tax-exempt interest for the years 2016 thru 2021.

11.  Copies of the following U.S. tax returns and information return forms filed:

A. Complete copy of your Forms 1040, U.S. Individual Income Tax Returns, including all schedules and attached information returns, for the years 2016 thru 2021

B. Complete copy of any Forms 1120, U.S. Corporation Income Tax Return, including all schedules and attached information returns for the years 2016 thru 2021 for each non-publicly traded corporation of which you owned directly or indirectly any class of stock of the corporation.

C. Complete copy of any Forms 1120-S, U.S. Income Tax Return for an S Corporation, including all schedules and attached information returns for the years 2016 thru 2021 for each S corporation of which you owned directly or indirectly any class of stock of the corporation.

D. Complete copy of any Forms 1120-F, U.S. Income Tax Return of a Foreign Corporation, including all schedules and attached information returns for the years 2016 thru 2021 for which you owned directly or indirectly any class of stock of the corporation.

E. Complete copy of any Forms 1065, U.S. Partnership Tax Return, including all schedules and attached information returns for the years 2016 thru 2021 for each partnership, domestic or foreign, of which you owned directly or indirectly a partnership interest.

F. Complete copy of any U.S. Income Tax Return for Estates and Trusts Forms 1041, including all schedules and attached information returns for which you were the fiduciary, grantor, creator, director or a beneficiary of the Estate or Trust for the years 2016 thru 2021.

12.  Copies of the following Puerto Rico tax returns and information return forms filed with the Departamento de Hacienda de Puerto Rico:

A. Complete copies of all individual Puerto Rico income tax returns, including all schedules and attached information returns, filed by you for the years 2016 thru 2021.

B. Complete copies of any Puerto Rico corporation tax returns, including all schedules and attached information returns, for the years 2016 thru 2021 for each non-publicly traded

corporation of which you owned directly or indirectly any class of stock of the corporation.

C.   Complete copies of any Puerto Rico partnership returns, including all schedules and attached information returns for the years 2016 thru 2021 for each partnership, domestic or foreign, of which you owned directly or indirectly a partnership interest in.

D.   Complete copies of any Estate and Trust returns, including all schedules and attached information returns for which were the fiduciary, grantor, creator, director or a beneficiary of the Estate or Trust for the years 2016 thru 2021.

13.  Copies of all your employment contracts, and contracts pursuant to which you rendered services for compensation as an employee or independent contractor and any amendments thereto, which were in effect for the years 2016 thru 2021.

14.  Copies of any Forms 1099, and/or the equivalent Form 480 series used in Puerto Rico, Justin T. Ederle received for the years 2016 thru 2021 for either U.S. or Puerto Rico tax purposes.

15.  All Forms W-2, and/or the equivalents used in Puerto Rico, Forms 499R-2/W-2PR, Justin T. Ederle received for the years 2016 thru 2021 for either U.S. or Puerto Rico tax purposes.

16.  All monthly statements, account summaries, performance reports, and all other similar documentation for all bank, brokerage and financial accounts at U.S., Puerto Rico, and foreign banks, savings and loans, credit unions, and other financial institutions, under any name, over which Justin T. Ederle had signature or other authority or over which Justin T. Ederle exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, for the period December 31, 2015 through January 31, 2022.

      A person has signature authority over an account if such person can control the disposition of money or other property in it by delivery of a document containing his or her signature (or his or her signature and that of one or more other persons) to the bank or other person with whom the account is maintained. Other authority exists in a person who can exercise comparable power over an account by direct communication to the bank or other person with whom the account is maintained, either orally or by some other means.

17.  All leases in effect for the years 2016 thru 2021 which Justin T. Ederle were the Lessor (or had authority to execute on behalf of the Lessor), or the Lessee (or had authority to execute on behalf of the Lessee).

18.  All homestead exemptions filed by Justin T. Ederle or in effect for Justin T. Ederle for the years 2016 thru 2021.

19.  Copies of all property tax bills paid by or on behalf of Justin T. Ederle for the years 2016 thru 2021 including records to substantiate the payment method used to pay the property taxes.

20.  All voter registration cards in effect for the years 2016 thru 2021.

21.  All driver's licenses in effect for Justin T. Ederle during the 2016 thru 2021 years.

22.  All registration cards for all vehicles registered in Justin T. Ederle's name at any point during the years 2016 thru 2021.

23.  Complete copy of Justin T. Ederle current passport and any expired passports Justin T. Ederle have been issued and used during the years 2016 through 2021. This includes copies of each page found within the passports, both stamped and unstamped pages.

24.  All records evidencing any social, political, cultural, or religious organizations in which Justin T. Ederle was a member during years 2016 thru 2021.

25.   All DOCUMENTS related to Justin T. Ederle's change in residency from the U.S. to Puerto Rico, including, but not limited to, invoices for: airline tickets, fees paid to commercial moving companies for moving of automobiles, furniture, personal belongings, and all other physical assets, travel agency services, berthing of personal yachts and other watercraft, hanger or other storage and maintenance of personal aircraft.

26.   Daily business and personal planners, calendars, or any other form or device that documents all days Justin T. Ederle spent in Puerto Rico or elsewhere and the reason or circumstances for years 2017 thru 2020. These reasons may include but are not limited to residing, personal trips, business trips, medical related trips, house hunting trips, vacations, etc. Provide all DOCUMENTS related to these trips including, but not limited to, invoices for: airline travel, hotel/resort/lodging accommodations, travel agency services, automobile rentals, vacation packages, deposits and monthly rental or lease of temporary and/or permanent business locations and business property or equipment.

27.   Documents for all commercial aircraft Justin T. Ederle was on that took off from or landed in Puerto Rico during years 2017 thru 2020.  These documents include but are not limited to airline tickets, receipts for purchase of any tickets, frequent flyer account records, etc.

28.   Documentation for any non-commercial, corporate, or personal flights Justin T. Ederle was on that took off from or landed in Puerto Rico during years 2017 thru 2020. These documents include but are not limited to airline tickets, receipts for purchase of any tickets, frequent flyer account records, flight logs, etc.

29.   Documents for all commercial watercraft Justin T. Ederle used to enter or leave Puerto Rico during years 2017 thru 2020. These documents include but are not limited to tickets, receipts for purchase of any tickets, account records, etc.

30.   Documentation for any non-commercial, corporate, or personal watercraft Justin T. Ederle used to enter or leave Puerto Rico during years 2017 thru 2020. These documents include but are not limited to tickets, receipts for purchase of any tickets, account records, captain, or similar, logs, etc.

31.   Name(s) and age(s) of Justin T. Ederle's child/children, the address of where Justin T. Ederle's child/children resided while attending school in the U.S. or Puerto Rico. The name of the owner of the same address. The name(s) and address(es) of the school(s) Justin T. Ederle's child/children attended and years of attendance.

32.   All telephone and cellular phone statements for all phones used by Justin T. Ederle for the years 2017 thru 2020. These copies should include all pages included with each billing statement and contain details of calls and text messages made and received by Justin T. Ederle that would include Justin T. Ederle's location while utilizing the phone or text message features.