IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,      )
     )    Case No. 3:25-cv-1233-CVR
     Petitioner,      )
     )
     v.      )
     )
JUSTIN T. EDERLE,      )
     )
     Respondent.      )

**MOTION FOR ORDER TO SHOW CAUSE
TO HOLD JUSTIN T. EDERLE IN CONTEMPT**

This Court ordered Respondent Justin T. Ederle to produce records responsive to a summons issued by the Internal Revenue Service on or before July 31, 2025. ECF No. 8. Mr. Ederle has not complied with the Court's Order and has failed to produce the requested records. Pukhalenko Decl., ¶ 5. Accordingly, Mr. Ederle should be held in contempt until these documents are produced.

**Background**

The United States filed a Petition to Enforce IRS Summons against Respondent Justin T. Ederle. ECF No. 1. The Court thereafter entered an Order to Show Cause, and directed service be effectuated pursuant to Rules 4(c) and 4.1(a). ECF No. 3. After it became clear that Mr. Ederle was evading service, this Court granted the United States' Motion for Alternative Service. ECF No. 5.

On July 1, 2025, this Court held a show cause hearing. ECF No. 6. Neither Mr. Ederle nor a representative for him appeared. *Id.* Following the hearing, the Court entered an order enforcing the IRS summons. ECF No. 8. Mr. Ederle has not complied with the Court's Order and has failed to produce the requested records. Pukhalenko Decl., ¶ 5.

**Argument**

The record establishes that Mr. Ederle has failed to comply with the Court's Order and should be held in contempt. To prove civil contempt, the United States must show four elements: (1) the Respondent had notice he was "within the order's ambit", (2) the Court's Order was "clear and unambiguous", (3) the Respondent had the ability to comply, and (4) that Mr. Ederle violated that order. *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005); *see also Almeida-León v. WM Capital Management, Inc.*, No. 3:16-cv-01394-JAW-BJM, 2021 WL 3575037, *14 (D.P.R. Aug. 12, 2021).

I.     Mr. Ederle had Notice He was "Within the Order's Ambit"

First, there can be no dispute that the Court's Order specifically ordered Mr. Ederle to Act. The Order requires Mr. Ederle specifically to comply with the IRS summons within thirty days of the Order. ECF No. 8 at 2.

Second, Mr. Ederle received actual notice of the Order. On July 2, 2025, the undersigned mailed copies of the IRS Summons (ECF No. 1-2) and the Court's Order (ECF No. 8) to Mr. Ederle via USPS First Class Mail. ECF No. 9, ¶ 6. In addition, Revenue Agent Javier Cortes Alvarez left copies of the same taped to Mr. Ederle's door on July 3, 2025. ECF No. 9-1, ¶ 6.

II.     The Court's Order was Clear and Unambiguous

The Court ordered Mr. Ederle to "comply with the summons before Revenue Agent Anton Pukhalenko, or another proper officer or employee of the IRS, at a time and place set by that individual, within thirty days of this order." ECF No. 8 at 2. The Court's Order to comply with the summons was clear and unambiguous.

III.    <u>Mr. Ederle had the Ability to Comply</u>

Mr. Ederle has the "burden of production" to show impossibility. *Almeida-León*, 2021 WL 3575037, *16–17 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). Thus, he "must overcome a presumption of ability to comply with a court order." *Id.* (citing *Hicks v. Feiock*, 479 U.S. 1305, 1306 (1986)).

The documents requested in the IRS summons relate to Mr. Ederle's tax returns and residency, documents that should either be in his own possession or the possession of his agent (such as a lawyer or accountant). ECF No. 1-2 at 7–9. These documents are necessary to demonstrate whether Mr. Ederle's tax returns for the years ending December 31, 2018, and December 31, 2019, are correct. ECF No. 1-1, ¶ 2. Therefore, these documents are presumed to be in Mr. Ederle's control and compliance with the Court's Order is presumed to be factually and legally possible. *See, e.g., United States v. Chen*, 815 F.3d 72, 81 (1st Cir. 2016) ("The IRS need not 'prove by positive evidence the existence of the records and their possession by the summonee.'") (quoting *United States v. Lawn Builders of New England, Inc.*, 856 F.2d 388, 392 (1st Cir. 1988).

Moreover, the only defense that Mr. Ederle could raise after the Court entered its Order enforcing the IRS summons is that he has exercised all reasonable efforts to obtain these documents and to comply with this Court's Order. *See Rylander*, 460 U.S. at 757; *Lawn Builders of New England, Inc.*, 856 F.2d at 395 ("Although a defendant in a civil contempt proceeding cannot attack an enforcement order on the ground that he lacked possession or control of the records at the time the enforcement order issued, he may assert a present inability to comply with the enforcement order"). At no point in these proceedings has Mr. Ederle raised a defense that he would be unable to obtain the requested documents.

IV.    <u>Mr. Ederle Violated this Court's Order</u>

Mr. Ederle did not produce the summonsed documents. Pukhalenko Decl., ¶ 5. Nor has

he contacted the IRS to schedule a time in which he would produce the requested documents. *Id.*,

¶ 6. Accordingly, Mr. Ederle cannot meet his burden of exercising all reasonable efforts to

comply, and he should be held in contempt.

**Remedial Measures**

Following a Court's determination that Mr. Ederle should be held in contempt, the Court

must also determine the appropriate remedial sanctions to compel Mr. Ederle to comply with the

Court's Order. *Almeida-León*, 2021 WL 3575037, *18. Civil contempt penalties must be crafted

to "coerce compliance rather than punish past noncompliance." *Hawkins v. N.H. Dep't of Health

and Human Servs.*, 665 F.3d 25, 32 (1st Cir. 2012). Here, Mr. Ederle has shown attempts to

evade and avoid compliance with the IRS summons.

First, Mr. Ederle received a copy of the IRS summons on October 4, 2024. ECF No. 1-1,

¶ 5. However, he did not comply with that summons. *Id.*, ¶ 6. Then, after the United States filed

this Petition, Mr. Ederle demonstrated attempts to evade service of the Petition by refusing to

respond to attempts at service by the United States Marshal Service and the Internal Revenue

Service. ECF No. 4. In particular, Mr. Ederle failed to return phone calls by the USMS once he

understood their attempts to effectuate service (ECF No. 4-2) and he refused to come to the door

to receive service when the IRS attempted to leave the summons and petition with another adult

in the house (ECF No. 4-4, ¶ 9–11). Thus, the United States does not believe any monetary

sanctions imposed on Mr. Ederle would be effective to coerce compliance.

The United States therefore requests the Court order Mr. Ederle be confined until he

complies with the Court's Order. "The paradigmatic coercive, civil contempt sanction . . .

involves confining a contemnor indefinitely until he complies with an affirmative command . . .." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994). Detention until a contemnor complies with a court's order allows him to "carr[y] the keys of his prison in his own pocket," thus allowing him to retain the ability to purge the violation. *AngioDynamics, Inc. v. Biolitec AG*, 823 F.3d 1, 9 n.5 (1st Cir. 2016) (citing *Bagwell*, 512 U.S. at 828). Here, confinement would be an appropriate sanction for Mr. Ederle's violation of this Court's Order because it will strongly encourage compliance with that Order and because Mr. Ederle will have the ability to end his confinement at any time by providing the Revenue Agent with the documents and/or testimony sought.

## Request for Hearing

Civil contempt sanctions may be imposed with mere "notice and opportunity to be heard." *AngioDynamics, Inc. v. Biolitic AG*, 780 F.3d 420, 426 (1st Cir. 2015); *see also Almeida-León*, 2021 WL 3575037, *14. When there is no dispute of material fact and the respondent had a fair opportunity to present relevant facts and arguments to the court, a court may resolve contempt allegations on the papers. *Almeida-León*, 2021 WL 3575037, *14–15. Thus, the United States defers to the Court's discretion on whether a hearing is necessary to resolve these allegations of contempt.

*(Signature blocks on the following page.)*

Dated: August 19, 2025                    Respectfully submitted,


                                          /s/ Emily K. McClure
                                          EMILY K. MCCLURE
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 227
                                          Washington, D.C.  20044
                                          202-353-7509 (v)
                                          202-514-6866 (f)
                                          emily.k.mcclure@usdoj.gov

                                          /s/ Desirée Laborde-Sanfiorenzo
                                          DESIRÉE LABORDE-SANFIORENZO
                                          Assistant United States Attorney
                                          USDC-PR Bar 208110
                                          United States Attorney's Office
                                          Torre Chardón, Suite 1201
                                          350 Carlos Chardón Avenue
                                          San Juan, Puerto Rico 00918
                                          Tel (787) 766-5656
                                          desiree.laborde@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered to receive it. In addition, on the same day, I sent the foregoing document via first class USPS mail to:

**Justin T. Ederle**
75 Fairways Village Drive, #12
Dorado, Puerto Rico, 00646

*/s/ Emily K. McClure*
EMILY K. McCLURE
Trial Attorney
United States Department of Justice, Tax Division

7